## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**RICK WILSON,**

>       **Plaintiff,**

**v.**                                                    Case No. 10-CIV-237 JEC/RLP

**VILLAGE OF LOS LUNAS, DENISE**
**WALKER, a police officer working for**
**the Los Lunas Police Department,**
**THOMAS TAYLOR, a police officer**
**working for the Los Lunas Police**
**Department,**

>       **Defendants.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' *Motion for Partial Summary Judgment on All Claims Except Excessive Force and State Tort Claim for Battery*, filed April 13, 2010 (Doc. 8) ("Motion").  Having reviewed the parties' submissions and the relevant law, the Court will GRANT the Motion, as set forth below.

**I.      BACKGROUND**

This lawsuit arises from a traffic stop on July 13, 2009 and Defendants' subsequent arrest of Plaintiff.  *Notice of Removal* (Doc. 1), Ex. A at ¶ 7.  Plaintiff asserts claims for (I) battery relating to his allegedly unlawful arrest and Defendants' alleged use of excessive force; (II) unlawful arrest in violation of the Fourth Amendment when Plaintiff "posed no imminent threat to Defendants and had only allegedly committed a traffic violation"; (III) unlawful arrest in violation of Plaintiff's alleged Fourteenth Amendment liberty interest "to be free of arrests for minor traffic violations"; (IV) unlawful retaliation against Plaintiff for exercising his "First

Amendment right to voice objection to police treatment of him"; and (V) "false imprisonment and interference with rights under New Mexico law." *See generally Notice of Removal*, Ex. A.

Defendants' Motion argues that all claims except for those alleging excessive force and state-law battery (i.e., Count I) should be dismissed with prejudice. Defendants argue they had probable cause and legal authority to arrest Plaintiff for a traffic violation; therefore, they cannot be held liable for any violation of Plaintiff's constitutional rights. In support of their argument, Defendants submit the affidavit of Arresting Officer Denise Walker stating that she pulled Plaintiff over after observing him fail to come to a complete stop at a stop sign. *Motion* at Ex. A, ¶ 3. When Plaintiff appeared agitated, Officer Walker called for backup. *Id.* at ¶ 5. Plaintiff was argumentative and more agitated when approached with citations, so Officer Walker and Sergeant Taylor ordered him to get out of his car. *Id.* at ¶ 6. Plaintiff refused to get out of the car and resisted Sergeant Taylor's efforts to remove him from the car. *Id.* In the resulting struggle, Plaintiff knocked Officer Walker to the ground. *Id.* at ¶ 7. Defendants decided to arrest Plaintiff after he refused to get out of his car and resisted being removed from the car. *Id.* at ¶ 6.

In response to Defendants' Motion, Plaintiff submits an affidavit from his attorney pursuant to Fed.R.Civ.P. 56(f). *Pl.'s Response to Defs.' Motion*, filed April 30, 2010 ("Resp.") at Ex. 1. The affidavit claims that Plaintiff's attorneys received a copy of the belt tape from the underlying incident prior to filing his Complaint, but the tape is difficult to hear. *Id.* at ¶¶ 2-3. As a result, Plaintiff would like time "to have the original belt tape professionally reproduced to improve the sound quality." *Id.* Plaintiff further requests time to take the depositions of Defendants "to determine whether they can remember" what is on the belt tape. *Id.* at ¶ 5. Plaintiff also would like to obtain documents containing any reviews of the incident, statements

made by Defendants, and Defendants' standard operating procedure related to traffic stops. *Id.* at ¶ 6.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The party opposing summary judgment must present specific, admissible facts from which a rational trier of fact could find in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the Court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *Adler* at 670 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 265).

A motion for summary judgment may be denied, or additional time may be permitted for response where "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(f). The Tenth Circuit has held that an affidavit that meets the requirements of Rule 56(f) will identify: (1) "the probable facts not available," (2) why those facts cannot be presented currently, (3) "what steps have been taken to obtain these facts," and (4) "how additional time will enable [the party] to"

3

obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992)).

## III.    DISCUSSION

### A.    No Further Discovery Is Required for Summary Judgment

In his "Counsel's Rule 56(F) Affidavit," Plaintiff acknowledges receipt of the belt tape containing a recording of Plaintiff's encounter with Officer Walker. *Resp.* at Ex. 1, ¶ 2. Plaintiff admits he received the belt tape "[p]rior to filing this lawsuit." *Id.* Given that the lawsuit was filed in state court on January 26, 2010 and the Motion was filed nearly three months later on April 13, 2010, the Court finds that Plaintiff has had sufficient time in which to have the belt tape enhanced. Moreover, having reviewed the docket in this case, it appears that Plaintiff has by now obtained all the outstanding discovery identified in the Rule 56(f) affidavit. *Pl.'s Third Motion to Extend All Pre-Trial Deadlines*, filed Sept. 7, 2010 (Doc. 26). As such, the Court finds that additional time is not necessary to enable Plaintiff to rebut the motion for summary judgment.

Independent of any further discovery, Plaintiff admits he could have submitted an affidavit disputing certain "facts leading up to the charges," denying, for instance, the allegation that he refused to exit his vehicle and the charge of battery. *Resp.* at 3. However, there is no such affidavit in the record. Instead, Plaintiff requests that the Court provide him with an additional opportunity "to supplement the record with his affidavit and the belt tape in his possession prior to the Court ruling on this motion for summary judgment." *Id.* at 4. As Plaintiff's counsel is no doubt aware, this is not how summary judgment works. Plaintiff's response "must—by affidavits or as otherwise provided in this rule—set out specific facts

4

showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

### B.    No Violation of the Fourth Amendment Exists

The Fourth Amendment protects individuals from "unreasonable searches and seizures." U.S. Const. amend. IV.  A routine traffic stop, although it is for a limited purpose and is only a brief stop, is a "seizure" to which the Fourth Amendment applies.  *United States v. Holt*, 264 F.3d 1215, 1220 (10th Cir. 2001).  The reasonableness of such a seizure "depends on 'whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'"  *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

Once a driver has been pulled over for a traffic violation, a police officer's additional request that the driver get out of his car is only a *de minimus* intrusion into the driver's personal liberty.  *Pennsylvania v. Mimms*, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977).

> The police have already lawfully decided that the driver shall be briefly detained; the only question is whether he shall spend that period sitting in the driver's seat of his car or standing alongside it. Not only is the insistence of the police on the latter choice not a "serious intrusion upon the sanctity of the person," but it hardly rises to the level of a "petty indignity." *Terry v. Ohio, supra,* 392 U.S. at 17, 88 S.Ct. at 1877.  What is at most a mere inconvenience cannot prevail when balanced against legitimate concerns for the officer's safety.

*Id.*  Plaintiff's suggestion that Defendants lacked "a lawful basis to order Plaintiff from his car," *Resp.* at 4, is therefore legally incorrect.

Defendants' custodial arrest of Plaintiff is also lawful under the Fourth Amendment in that there is no dispute that Defendants had probable cause to initiate the traffic stop.  *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549 (2001)

(holding that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender").

Plaintiff suggests a further violation of the Fourth Amendment in that the traffic stop in this case may have been unlawfully prolonged. *Resp.* at 5 ("[w]ithout a deposition of Defendants and radio dispatch logs showing length and course of detention, Plaintiff has no idea what precipitated the order of Plaintiff to exit the car and whether the activity of Defendants deprived Plaintiff of his Fourth Amendment right to be free from unreasonable seizures"). The Tenth Circuit "assess[es] the reasonableness of a traffic stop based on an observed violation by considering the scope of the officer's actions and balancing the motorist's legitimate expectation of privacy against the government's law-enforcement-related interests." *Holt*, 264 F.3d at 1220. In the absence of some reasonable suspicion of the driver's illegal activity or the driver's consent to questioning, the general rule is that "once the motorist has produced a valid license and proof that he is entitled to operate the car, he must be allowed to proceed on his way, without being subject to further delay by police for additional questioning." *Id.* at 1221 (internal quotation omitted).

Plaintiff fails to set forth any summary judgment facts that would enable a reasonable jury to find there was an unlawfully prolonged stop in this case. For instance, there is no admissible evidence showing when Plaintiff was stopped, ordered out of his car, or arrested. Plaintiff does not explain why these facts are not presented or what efforts he has made to discover these facts, let alone how additional time would enable him to gather these facts. Given Plaintiff's presence throughout the encounter, the Court fails to understand how his own information or belief as to the lapse of time could be unavailable to him. Plaintiff's failure to

6

appropriately respond to the Motion dictates that summary judgment should be entered as to Count II, including all claims for violation of the Fourth Amendment.

### C.      No Violation of the Fourteenth Amendment Exists

Count III of Plaintiff's Complaint asserts an alleged "Fourteenth Amendment liberty interest, created by New Mexico law, to [be] free of arrests for minor traffic violations." *Notice of Removal*, Ex. A at ¶ 33.  Plaintiff contends this right was violated by Defendants when they arrested him, allegedly for a traffic violation.  *Id.* at ¶ 34.  Defendants initially claim that arrests for minor traffic violations are constitutional as a matter of law.  They cite *Atwater v. City of Lago Vista*, which holds a police officer may constitutionally arrest an individual even for a minor traffic violation—for example, failure to wear a seat belt.  *Motion* at 6-7.  The *Atwater* decision is consistent with New Mexico law, according to Defendants, in that state statutes relating to traffic violations appear to authorize officer arrests.  *Id.* at 5 (citing NMSA 1978, §§ 66-8-117(A), 66-8-122; and 66-8-123(A)).

As set out below, the Court recognizes that New Mexico law, unlike federal law, does not authorize the custodial arrest of a driver based upon his alleged violation of a minor traffic law. *State v. Bricker*, 2006-NMCA-052, ¶9, 139 N.M. 513, 134 P.3d 800 (holding that "[w]hile [NMSA 1978, §66-8-123] uses the words 'arrest' and 'custody,' we believe the Legislature intended those terms to refer to a temporary detention rather than a traditional custodial arrest in which a person is arrested and taken to the police station for booking").  However, New Mexico's more rigorous law does not create a due process right sufficient to support Plaintiff's claim for violation of the Fourteenth Amendment.

> *1.    New Mexico law does not permit custodial arrest for a minor traffic violation*

The reasonableness of a custodial arrest following a routine traffic stop is determined under New Mexico law by an assessment of the intrusion upon individual privacy versus the need to promote legitimate governmental interests.  *Id.* at ¶ 22.

> [T]hat, under Article II, Section 10, probable cause that a non-jailable offense has been committed does not automatically make arrest reasonable, and that for such arrests to be reasonable, there must be specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the additional] intrusion of a full custodial arrest.

*Id.* at ¶ 23 (quoting *State v. Rodarte*, 2005-NMCA-141, ¶ 14, 138 N.M. 668, 125 P.3d 647). Whereas the Fourth Amendment requires only probable cause for the traffic stop to support such an arrest, New Mexico law requires the further step of "articulat[ing] a legitimate reason for the decision to escalate the seizure into a full custodial arrest."  *Id.* at ¶ 24 (quoting *Rodarte*, 2005-NMCA-141, ¶ 16).  Plaintiff seeks to enforce his right under the New Mexico Constitution to be free from arrest for minor traffic violations with his Fourteenth Amendment claim.  Plaintiff also pleads state-law claims related to the allegedly unlawful arrest, but these claims are considered in Part D, *infra*.

### 2.   *Plaintiff's arrest does not implicate substantive due process*

Plaintiff articulates a constitutional liberty interest in remaining "free of arrests for minor traffic violations."  *Notice of Removal*, Ex. A at ¶¶ 32-35.  In support of his claim, Plaintiff cites *Montero v. Meyer*, 13 F.3d 1444 (10th Cir. 1994) and *Summers v. State*, 927 F.2d 1165 (10th Cir. 1991), both procedural due process cases.  However, Plaintiff does not appear to assert a violation of procedural due process in his Complaint.  His position is not that Defendants, in the process of arresting him, denied him procedures such as notice or an opportunity to be heard.  Rather, Plaintiff's complaint appears to be that Defendants should not have arrested him at all.

*Notice of Removal*, Ex. A at ¶¶ 33-34.  Plaintiff's Count III under the Fourteenth Amendment is therefore a substantive due process claim.  *County of Sacramento v. Lewis*, 523 U.S. 833, 840, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (noting that the Due Process Clause of the Fourteenth Amendment "guarantee[s] more than fair process" and "cover[s] a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them" (internal quotations omitted)).

To support a substantive due process claim, courts require plaintiffs to show "something more than an ordinary tort."  *Abeyta v. Chama Valley Ind. Sch. Dist.*, 77 F.3d 1253, 1257 (10th Cir. 1996).  Only "a brutal and inhuman abuse of official power literally shocking to the conscience" will provide a foundation for such a claim.  *Id.* at 1257-58 (quoting *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir. 1980).  Plaintiff's arrest in this case—even if contrary to New Mexico law—simply does not rise to the level of conscience-shocking.

Moreover, the Supreme Court has held that the Fourth Amendment should govern a claim such as this, which arises from an arrest or seizure.  *Albright*, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (holding that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment ... must be the guide for analyzing these claims.'" Id. at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).  The Tenth Circuit has similarly held that "[t]he more general due process considerations of the Fourteenth Amendment are not a fallback to protect interests more specifically addressed by the Fourth Amendment."  *Becker v. Kroll*, 494 F.3d 904, 919 (10th Cir. 2007).  Having failed to demonstrate any violation of the Fourth Amendment, Plaintiff cannot now proceed with the same claim pursuant to the Fourteenth Amendment.  Summary judgment is therefore appropriate

9

and will be granted as to Plaintiff's Count III, which asserts a federal claim for violation of the
Fourteenth Amendment.

####     D.       State Law Claims Related to the Allegedly Unlawful Arrest

Defendants seek summary judgment not only as to federal claims, but as to all claims
except for those alleging excessive force and battery.  *See generally Motion*.  The Court will
therefore consider whether summary judgment is appropriate as to Plaintiff's claims of
unreasonable seizure under the New Mexico Constitution, false imprisonment, and interference
with rights under New Mexico law as alleged in Counts I and V.  Finding that Defendants have
articulated a legitimate reason to escalate their traffic stop of Plaintiff into a full custodial arrest,
and finding no genuine dispute as to the material facts in that regard, the Court will grant
summary judgment in favor of Defendants on Counts I and V, except for claims of excessive
force and battery.

Initially, Defendants' proposed material facts are undisputed.  They claim that Plaintiff
refused to obey their order to get out of his car and resisted their efforts to remove him from the
vehicle.  *Motion* at 2.  Prior to these incidents, Defendants did not arrest Plaintiff.  *Id.*  Only after
Plaintiff struggled with Defendants, knocking Defendant Walker to the ground, was Plaintiff
placed in handcuffs and arrested.  *Motion*, Ex. A at ¶ 9.  Plaintiff's resistance—a material fact
that is not disputed by Plaintiff—provides "a legitimate reason for the decision to escalate the
seizure into a full custodial arrest."  *Bricker*, 2006-NMCA-052, ¶ 24.  Probable cause therefore
existed for the arrest under New Mexico law, and Plaintiff cannot sustain his claims for
unreasonable seizure, false imprisonment, or other "interference with rights under New Mexico
law" related to the arrest.

####     E.       No Violation of the First Amendment Exists

10

Plaintiff alleges in his Complaint that "Defendants wrongfully arrested [him] when he posed no imminent threat to Defendants and had only allegedly committed a traffic violation." *Notice of Removal*, Ex. A at ¶ 30.  He claims the arrest was in retaliation for his objections to police treatment.  *Id.* at ¶ 38.

To substantiate Count IV, alleging retaliation in violation of his "First Amendment right to voice objection to police treatment of him," Plaintiff must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that the defendants' actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendants' adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.  *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).  These elements are evaluated according to an objective, not subjective, standard.  *Id.*  Also required is proof that the government's action lacked probable cause.  *Hartman v. Moore*, 547 U.S. 250, 252, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006).

As Defendants point out, Plaintiff does not plead an absence of probable cause for his arrest.  *Id.*  In fact, Plaintiff erroneously contends "it is irrelevant to Plaintiff's First Amendment claim that Defendant Taylor may have had probable cause to arrest plaintiff for other crimes." *Resp.* at 9.  Given the Court's ruling on Plaintiff's Fourth Amendment claim and the undisputed existence of probable cause to pull Plaintiff over for a traffic violation, even under the more rigorous requirements of New Mexico law, Plaintiff's First Amendment claim cannot survive summary judgment.

## IV.   CONCLUSION

Finding probable cause for Plaintiff's arrest, under federal law as well as New Mexico state law, the Court will GRANT Defendants' *Motion for Partial Summary Judgment on All*

*Claims Except Excessive Force and State Tort Claim for Battery*, filed April 13, 2010 (Doc. 8).

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:
Joseph P. Kennedy, Esq.
Julianna D. Koob, Esq.
Shannon L. Kennedy, Esq.
Albuquerque, NM

Counsel for Defendants:
Gregory V. Pelton, Esq.
Albuquerque, NM

12