IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK WILSON,

       Plaintiff,

vs.                                                                                     CIV 10-0237 KBM/ACT

VILLAGE OF LOS LUNAS, DENISE WALKER,
a police officer working for the Los Lunas Police
Department, THOMAS TAYLOR, a police officer working
for the Los Lunas Police Department.

       Defendants.

## ORDER ON PLAINTIFF'S PENDING PRETRIAL MOTIONS

On the eve of trial, the Court has reviewed the pending motion submitted by the plaintiff, the briefing on those motions and the relevant authorities. The Court now issues its rulings.

### I. Plaintiff's Second Motion to Supplement the Summary Judgment Record for Defendants' Motion for Partial Summary Judgment on All Claims Except Excessive Force and State Tort Battery *(Doc. 73)*

The Court notes that while the Honorable John E. Conway was the presiding judge in this case, on April 27, 2011, he denied Plaintiff's virtually identical motion to supplement the record. *See Doc. 34 denying Doc. 30.* Although the Court recognizes the continuing obligation of an attorney to preserve the record for appellate review, the opportunity for supplementation of the evidence now sought to be included was previously requested by Plaintiff and denied. *See Doc.* 30 ("Plaintiff believes that supplementation will aid appellate review of the District Court's legal decision"). The Court therefore agrees with Defendants that "[t]he only thing that has changed since that ruling is the judge who will try the case is now different. That does not justify a different ruling." *Doc. 75* at 4. Thus, the motion will be denied.

### II.  Plaintiff's Motion in Limine No. II to Exclude Expert Testimony Regarding Police Training and Compliance with Fourth Amendment Reasobnableness (sic) Standard *(Doc. 70)*

The Court agrees that it is impermissible for Defendants' expert witness to testify as to the ultimate issue of law – whether Defendants' actions were reasonable under the dictates of the Fourth Amendment.  However, Mr. Fay's testimony as to reasonableness of the police officer's actions under the circumstances goes to the ultimate issue of fact.  The expert's testimony will provide to the jury "guidance on the different types of force available to police officers and what a reasonable response is to the actions of an arrestee."  *See Doc.* 76 at 3.  This information is usually not within the general knowledge and experience of a typical juror and therefore may be helpful to the jury without causing confusion or intruding into the jury's domain.

### III.  Plaintiff's Motion in Limine No. I to Exclude Testimony and Exhibits Regarding Police Compliance with Department Policy and Procedure *(Doc. 69)*

Defendants apparently concede that evidence of compliance with Los Lunas Police Department Standard Operating Procedures is irrelevant to the Fourth Amendment reasonableness inquiry into the individual officers' conduct.  Evidently recognizing that and the potential for confusion, Defendants have withdrawn their proposed exhibits relating to those procedures.  *See Doc.*76 at 1.  Absent a showing that testimony as to department policies is offered for some purpose other than the reasonableness inquiry, it also will be excluded.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE